

# NUMBER 13-12-00368-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI—EDINBURG

---

**IN THE MATTER OF
REBECCA RUBANE[1]**

---

**On appeal from the 107th District Court
of Cameron County, Texas.**

---

# ORDER OF CONTEMPT

**Before Justices Rodriguez, Benavides, and Perkes
Order Per Curiam**

This is a contempt proceeding ancillary to appeal number 13-12-00368-CR, styled *Javier De La Rosa Jr. v. State of Texas*, currently pending in this Court. Appellant is represented on appeal by appointed counsel, Ms. Rebecca Rubane. Ms. Rubane is appellant's second court-appointed appellate counsel. The trial court appointed Ms.

---

[1] Ancillary to *Javier De La Rosa Jr. v. The State of Texas*, 13-12-00368-CR.

Rubane as appellant's counsel on January 13, 2014, and we ordered that appellant's brief was due to this Court on January 15, 2014.

On February 13, 2014, Ms. Rubane filed her first motion for extension of time to file appellant's appellate brief citing her busy schedule. This Court granted the motion and ordered that appellant's brief was due on March 28, 2014. On March 31, 2014, Ms. Rubane filed a second motion for extension of time to her appellant's brief citing a need to request and review appellant's juvenile record. We granted this motion and ordered that appellant's brief was due on May 12, 2014. On May 15, 2014, Ms. Rubane filed her third motion for extension of time to file appellant's brief. In this motion, Ms. Rubane informed the Court that she suffered from a serious illness that "greatly reduced" her ability to work. This Court granted Ms. Rubane's motion and ordered appellant's brief due on June 26, 2014. On June 26, 2014, Ms. Rubane failed to file appellant's brief. This Court made unsuccessful attempts to contact Ms. Rubane by telephone. On July 1, 2014, this Court issued an order directing Ms. Rubane to file appellant's brief by July 11, 2014. On July 11, 2014, Ms. Rubane filed her "final" motion for extension of time to file appellant's brief. Ms. Rubane cited continuing health concerns and medical treatment as the reasons for her inability to file her brief. This Court granted Ms. Rubane's motion and ordered her to file appellant's brief by July 18, 2014. On July 18, 2014, Ms. Rubane failed to file her brief or any other motion.

On July 22, 2014, this Court issued an order of abatement and remanded the case to the trial court to hold a hearing to determine (1) whether appellant desires to prosecute this appeal; (2) why appellant's counsel has failed to file a brief and whether counsel has

2

effectively abandoned the appeal; (3) whether appellant has been denied effective assistance of counsel; (4) whether appellant's counsel should be removed; and (5) whether appellant is indigent and entitled to new court-appointed counsel. On August 4, 2014, the trial court held a hearing and found that (1) appellant would like to proceed with his appeal; (2) Ms. Rubane had been ill; and (3) appellant has not been denied effective assistance of counsel. The trial court further recommended that counsel be allowed to stay as appellant's current attorney and suggested a new deadline of August 18, 2014 for counsel to file her brief. On August 11, 2014, this Court ordered Ms. Rubane to file appellant's appellate brief by August 18, 2014, or appear for a hearing to show cause why she should not be held in contempt of court. On August 18, 2014, Ms. Rubane filed an *Anders* brief related to this cause. Although the brief was marked as "filed," the Court notified Ms. Rubane that her *Anders* brief was not in compliance with *Kelly v. State*. *See* 436 S.W.3d 313, 315–22 (Tex. Crim. App. 2014). On August 19, 2014, the Court sent a letter to Ms. Rubane notifying her of the deficiencies of the brief and requested that she submit documentary evidence in compliance with *Kelly* by August 29, 2014. On August 29, 2014, the clerk of the court sent a reminder e-mail correspondence to Ms. Rubane about the *Kelly* compliance deadline. Ms. Rubane acknowledged the e-mail correspondence and replied that she would "file it soon." Later that evening, Ms. Rubane emailed the clerk of this court apologizing and stating that her computer had "crashed," would not be able to file her *Kelly* compliance certification by the deadline, but would file it the following morning. No filing was made.

3

On September 15, 2014, this Court issued an order to Ms. Rubane ordering her to comply with the requirements set forth in *Kelly* and to notify this Court of her compliance with the case law and provide documentary proof that she had complied with its requirements. The order further stated that if Ms. Rubane failed to file this notice by September 19, 2014, she was ordered to appear in the Edinburg courtroom of this Court at 9:00 a.m. on September 25, 2014 to show cause why she should not be held in contempt of court. On September 19, 2014, Ms. Rubane failed to file her requisite *Kelly* notice with this Court. Over the course of September 22 and 23, 2014, the clerk of this Court attempted to contact Ms. Rubane by telephone to assist her with filing the requisite *Kelly* notice. On September 23, 2014, Ms. Rubane telephoned the clerk of this Court to notify her that she was ready to file her notice, but was experiencing technical difficulties because her computer had again "crashed." Later that day, Ms. Rubane filed a document with this Court that was not in compliance with *Kelly*. The clerk again telephoned Ms. Rubane to notify her of the deficiency. On September 24, 2014, Ms. Rubane filed another document that did not comply with *Kelly*.

At 9:00 a.m. on September 25, 2014, pursuant to its September 15, 2014 order, this Court held a hearing in its Edinburg courtroom on this matter.[2] Ms. Rubane was not present. Accordingly, this Court took judicial notice of the procedural and factual histories of this case and found Ms. Rubane in contempt of this Court. Furthermore, in light of the unique posture and extreme circumstances of the case, the Court stated that it would fulfill the requisite duties under *Kelly* to ensure compliance. It is therefore

---

[2] A record was made of this hearing. An electronic transcript of this hearing is on file with the clerk of this Court.

ORDERED, ADJUDGED, AND DECREED by the Thirteenth Court of Appeals that:

(1) **Rebecca Rubane** is in contempt of this Court for willfully and intentionally failing to comply with (1) this Court's order dated September 15, 2014 by failing to comply with the requisites of *Kelly v. State* as outlined in the Court's order and correspondence with Ms. Rubane and failing to appear before this Court on September 24, 2014 to show cause why she should not be held in contempt.

(2) **Rebecca Rubane** pay a fine of $500.00 to the Clerk of the Thirteenth Court of Appeals no later than 5:00 p.m. on October 31, 2014.   In the event the fine is not timely paid, it shall be collectible in the manner provided by law.

(3) For any future appearance before this Court, **Rebecca Rubane** shall fully comply with the Texas Rules of Appellate Procedure; and

(4) **Rebecca Rubane** ensure that this Court has current contact information for her, including telephone number(s), email address, and business address.

IT IS FURTHER ORDERED that all costs of this proceeding shall be and are assessed against **Rebecca Rubane**, for which execution may issue.

It is so ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of October, 2014.

5